# UNITED STATES INTERNATIONAL TRADE COMMISSION
## WASHINGTON, D.C.

### Before the Honorable Paul J. Luckern

| In the Matter of | |
|---|---|
| CERTAIN NAND FLASH MEMORY CIRCUITS AND PRODUCTS CONTAINING SAME | Inv. No. 337-TA-526 |

### DECLARATION OF JULIE MAR-SPINOLA

I, Julie Mar-Spinola, state and declare as follows:

1. I am Vice President of Global Affairs--Litigation & Intellectual Property for Atmel Corporation ("Atmel"). I have been an employee of Atmel Corporation since October 1997, and prior to that, I worked for Atmel as one of its outside counsel since about 1989. In connection with this and other work, I have worked on legal matters for semiconductor companies for approximately 15 years, and become generally familiar with some of the technology. Through my work for Atmel, I have become familiar with the history of the company, including generally the products that it makes. I make this declaration of my own personal knowledge, except where noted herein, and if called as a witness, I could and would testify competently thereto.

2. On March 28, 2005, Atmel received two subpoenas by STMicroelectronics N.V. and STMicroelectronics, Inc. (collectively "STMicro"). I understand that the subpoenas repeat identical document requests and will be referred to collectively as if they were a single subpoena.

3. I understand that STMicro is seeking discovery from Atmel for the purposes of finding prior art to invalidate, among other things, the patent asserted by SanDisk. For example, the subpoena seeks documents and deposition testimony on twelve (12) categories related to



EXHIBIT 8

Atmel Memory designs conceived or developed before April 11, 1990 and July 8, 1997 and any Atmel Memory design commercialized after April 13, 1988.

4. Further, I understand that the subpoena also seeks documents and deposition testimony on three (3) categories related to any licensing agreement with SanDisk that covers the '338 patent.

5. Inasmuch as the discovery is for invalidating prior art and because Atmel is not a party to this action, the scope of the subpoenas imposes a substantial and costly burden on Atmel to try to comply. During the late 1980's and early 1990's, which appears to be the relevant time period for prior art purposes, virtually all of Atmel's business involved memory devices. Thus, the potential pool of documents and information that would need to be searched for potentially responsive documents for the subpoena would virtually include Atmel's entire archive. Most of these archives are stored in off-site facilities that is not easily identifiable or searchable.

7. In response to Atmel's request to narrow the subpoenas, I understand that STMicro provided two documents from 1989 and 1990 IEEE conferences that appear to generally discuss non-volatile memory products offered by SEEQ, a company from which Atmel acquired its non-volatile business unit several years ago. These documents bear Bates numbers ST17564-568 and ST17545-548. STMicro did not identify any specific model numbers, nor do the articles identify any. Because all or substantially all SEEQ products use non-volatile memory, this information failed to limit both the subpoena and Atmel's search in any meaningful way.

8. To the best of my knowledge the documents Atmel obtained from SEEQ are not indexed or archived by Atmel in a chronological or logical manner, as any pertinent information was distributed to various engineers at Atmel as needed and without any formal record keeping

2

procedure which precludes us from even knowing whether the SEEQ documents were stored separately from the Atmel generated documents.

9. While it is not possible to estimate the cost of Atmel's search based on the current scope of the subpoena, a conservative guesstimate would be several tens of thousands of dollars, as well as hundreds of personnel hours to search and review the archives. Such a burden by far outweighs any need by STMicro to have this discovery, especially since Atmel has no stake in this dispute between STMicro and SanDisk and is not a party to this action. Indeed, STMicro can only rely on publicly available information for purposes of invalidity and therefore, STMicro has equal access to such public information -- assuming it exists -- and should obtain it without burdening Atmel.

10. Atmel currently has several pending litigation matters that I oversee directly or with the help of one additional in-house litigation attorney, whose work I oversee. Our resources are already taxed and we would not be able to conduct this search without hiring additional personnel. On the Court's request, Atmel will identify those litigation matters.

I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed at San Jose, California on April 11, 2005.

_____
Julie Mar-Spinola

3