## ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.

ATTORNEYS AT LAW

V. JAMES ADDUCI II
LOUIS S. MASTRIANI
TOM M. SCHAUMBERG
BARBARA A. MURPHY
HARVEY B. FOX
WILL E. LEONARD
JAMES TAYLOR, JR.
MAUREEN F. BROWNE
MICHAEL G. McMANUS*
MICHAEL L. DOANE
WILLIAM C. SJOBERG
DAVID F. NICKEL*
SARAH E. HAMBLIN*
MARK R. LEVENTHAL
S. ALEX LASHER
RODNEY R. SWEETLAND, III
TALI LEAH ALBAN*

*ADMITTED TO A BAR OTHER THAN D C

1200 SEVENTEENTH STREET, N.W.
WASHINGTON, D.C. 20036
Telephone: (202) 467-6300
Facsimile: (202) 466-2006
e-mail: [lastname]@adduci.com
www.adduci.com

OF COUNSEL

ROBERT A. WESTERLUND
DAVID G. POSZ
JAMES E. BARLOW*
GREGORY C. ANTHES
JOHN C. STEINBERGER
PAUL G. HEGLAND

AFFILIATE

AM&S TRADE SERVICES, LLC
CARLOS MOORE, PRESIDENT

June 13, 2005

### VIA FACSIMILE AND FIRST CLASS MAIL

Joseph R. Baldwin, Esq.
Wilmer Cutler Pickering Hale and Dorr, LLP
1455 Pennsylvania Avenue, N.W.
Washington, D.C. 20004

Re: Subpoena to Atmel in Certain NAND Flash Memory Circuits
And Products Containing Same, USITC Inv. No. 337-TA-526

Dear Joe:

I am writing to clarify certain aspects of our telephone conversation from June 8th, which you attempted to memorialize in your June 9th letter. I am copying both the Commission Investigative Attorney and counsel for SanDisk, as you were seeking their agreement to certain aspects of the stipulation Atmel requested.

You agreed to certain of the additional protections requested by Atmel, but there are some conditions that I feel require additional explanation for SanDisk's counsel and Mr. Cockburn.[1] Accordingly, the elements included in my June 2d letter to you are repeated below for their benefit.

---

[1] Mr. Cockburn and I spoke on Friday and he has agreed to destroy Atmel's Confidential Information, which is the only one of these conditions that actually applies to his dealings with Atmel's Confidential Information.


EXHIBIT 9

Joseph R. Baldwin, Esq.
June 13, 2005
Page 2

    Atmel's specific concerns have been fully set forth in the earlier filings with the Commission connected with the subpoena. In order to address these concerns, Atmel requests that the following stipulation be adopted by the parties to the investigation:

1. Regardless of any other amendments to the Protective Order that may permit sharing of information among corporate representatives, documents and materials produced by Atmel that contain confidential business information (hereafter "Atmel's Confidential Information") will be viewed by outside attorneys' eyes only;

2. Atmel's Confidential Information is being provided solely for use in this investigation and cannot be used for any other purpose, including in the corresponding district court action between the parties, and in no event can be used against Atmel;

3. Before any of Atmel's Confidential Information is produced to anyone other than an outside attorney of record representing one of the parties or to personnel of the U.S. International Trade Commission, Atmel must be informed in writing of the identity of the expert or consultant, in a manner consistent with Paragraph 15 of the Protective Order. Written notice must be sent to:

    > Julie Mar-Spinola
    > VP-Global Affairs, Litigation & Intellectual Property
    > Atmel Corporation
    > 2325 Orchard Parkway
    > San Jose, CA 95131
    > Tel: (408) 441-0311;

4. Notwithstanding Paragraph 18 of the Protective Order, upon final termination of the investigation, all copies of Atmel's Confidential Information, including without limitation, any notes pertaining to same, must be returned to Atmel, along with written certification by the returning party's counsel that all such copies have been returned and that no copies of documents or notes including information derived from Atmel's Confidential Information has been retained; and

5. Notwithstanding Atmel's production of these documents for inspection or otherwise, the parties agree (1) that they will not use any privileged material those documents may contain, and (2) that Atmel does not waive its attorney-client privilege or work product immunity in the event such documents are included in the production.

Joseph R. Baldwin, Esq.
June 13, 2005
Page 3

      Your agreement to Point 1, i.e., that Atmel's Confidential Information, which will be marked "Attorney's Eyes Only," will not be provided to any expanded category of access under the protective order, satisfies Atmel's concerns.

      Your statement regarding Point 2 does not completely cover Atmel's concerns and we request that you agree to the specific terms listed above.

      Your statement regarding Point 3 (listed under Point 5 in your letter) is insufficient and we request that you agree to notify Ms. Mar-Spinola directly with the names and educational and work backgrounds of any additional outside experts to whom Atmel's Confidential Information will be provided.

      Your statement regarding Point 4 (listed under Point 3 in your letter), i.e., that you will return all of Atmel's Confidential Information, but will destroy any notes pertaining to same and provide the requisite certification, is acceptable to Atmel.

      Your statement regarding Point 5 (listed under Point 4 in your letter), satisfies some of Atmel's concerns, but Atmel requires that you specifically agree that Atmel's production of the Seeq documents to you for inspection will not constitute a waiver of its attorney-client privilege or work product immunity and that you will agree not to use any privileged material those documents may contain. Atmel is not requesting STMicro to conduct a privilege review for it. However, if any such documents are contained in those materials, which Atmel will review before allowing any copying of the inspected documents, STMicro must agree to these terms. In that regard, although Atmel has offered to make these documents available for STMicro's inspection, Atmel has not agreed to permit wholesale copying of those 20-30 boxes of documents.

      I will be out of the office during the next week, as is Lou Mastriani, so please follow up on these items with Alex Lasher. I trust that we will be able to resolve these matters so that we can produce the documents we have already identified as responsive to the subpoena, as amended by Judge Luckern's orders and our subsequent telephone conversations.

Sincerely,

Barbara A. Murphy /sal

Barbara A. Murphy

AT300405
BAM:sh
cc:   Juan Cockburn, Esq.
       James C. Yoon, Esq.