UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

**Before the Honorable Paul J. Luckern**

| | |
|---|---|
| In the Matter of<br><br>CERTAIN NAND FLASH MEMORY CIRCUITS<br>AND PRODUCTS CONTAINING SAME | Inv. No. 337-TA-526 |

**OPPOSITION OF THIRD PARTY ATMEL CORPORATION TO RESPONDENTS
STMICROELECTRONICS N.V. AND STMICROELECTRONICS, INC.'S
MOTION TO REQUEST JUDICIAL ENFORCEMENT OF ORDERS 10 AND 11**

Pursuant to Commission Rules of Practice and Procedure 210.15 and 210.32(g), third party Atmel Corporation ("Atmel") hereby opposes the Motion of Respondents STMicroelectronics N.V. and STMicroelectronics, Inc. (collectively "STMicro") to Request Judicial Enforcement of Orders 10 and 11.

## I. INTRODUCTION

STMicro's request for judicial enforcement of Orders 10 and 11 should be rejected for the simple reason that it is unnecessary. Contrary to the self-serving and inaccurate assertions put forth by STMicro in its request,[1] Atmel has been cooperating and making every reasonable effort to provide STMicro with the information it requests. This much is clear from the correspondence that is attached to STMicro's Motion. Atmel, however, has legitimate concerns about the potential misuse of any confidential business information that Atmel may provide in

---

[1] Rather than specifically refute every inaccuracy in STMicro's Motion, Atmel disputes, objects to and disagrees with every aspect of STMicro's account of the discussions between STMicro and Atmel unless specifically agreed to in this opposition.



response to the subpoena.[2] Atmel has proposed very specific and reasonable stipulations necessary to protect its confidential business information, as well as its rights and interests. In discussions with STMicro, it appeared that Atmel and ST were on the verge of an agreement. Rather than seek to address the few remaining issues and obtain production of the requested documents, however, STMicro has chosen, after a two-week delay, to engage in unnecessary and frivolous motions practice. STMicro's request for judicial enforcement will do nothing more than further delay production of the requested information, which has been available for inspection for approximately one month. To expedite resolution of this dispute, and to avoid the needless squandering of the Commission's and the parties' time and resources, Atmel requests that the Motion for Judicial Enforcement be denied and that the Protective Order be amended by order of the Administrative Law Judge as proposed by Atmel herein.

## II. FACTUAL BACKGROUND

The record reflects that throughout this dispute Atmel has made every effort to achieve a reasonable resolution. Atmel correctly and properly pointed out the extreme over-breadth of the subpoena at issue, but its concerns went unheeded and unaddressed. STMicro touts the fact that after much discussion it agreed to limit its request to three products. This limitation, however, does not provide appreciable relief to Atmel. The burden of searching a massive amount of documents for a few responsive documents is significant. In any event, Atmel has searched its documents and found some documents that appear to be responsive. Approximately 20 to 30 boxes of documents have been available for inspection since early to mid-June 2005. The only requirements have been that Atmel's confidentiality be protected as requested and that STMicro reimburse Atmel for its costs. Atmel's request that it be reimbursed for its costs prior to

---

[2] Atmel incorporates herein by reference the arguments set forth in this regard in its Motion to Quash and Motion for Reconsideration of Order No. 11.

production is perfectly reasonable particularly in light of the fact that STMicro's first attempt at payment was with a bad check.[3][4]

The only remaining obstacle is a final resolution of Atmel's request that its confidential business information be adequately protected. It has been Atmel's steadfast position that the Protective Order issued in this Investigation does not adequately protect third-party confidential business information. Atmel identified its specific requests to STMicro as early as June 2, 2005. (*See* Exhibit D to Motion.) After much discussion, STMicro has agreed to most of the stipulations. All that remains is to clarify STMicro's obligations concerning the use of documents produced by Atmel as set forth in Point 2 of Atmel's requested stipulations (*See* Exhibits D and H to Motion.) and to address Atmel's concerns as to potential waiver of attorney-client privilege. Atmel requested this provision as a reasonable accommodation and cost-saving measure given the extreme burden of forcing a third party to review under unreasonable time restraints 20-25 boxes of material for privileged materials. In order to minimize this burden on a third party, Atmel asked for this protection in order to forgo the additional expense of having to review these boxes for privileged materials. The Administrative Law Judge should note that this protection is in the same vein as the now standard provision of most protective orders extant in

---

[3] STMicro's statement in the footnote on page 7 of its Motion that "[a]pparently a clerk entered the account number on the check incorrectly" is self-serving and incorrect attorney speculation. The check in question was submitted twice to the bank and bounced on both occasions.

[4] STMicro's insistence that the documents be shipped to Washington, DC for review is simply unfounded. It is well established that discovery is conducted at the time and place most convenient to the party from whom discovery is sought. *Certain Integrated Repeaters, Switches, Transceivers, and Products Containing Same*, Inv. No. 337-TA-435, Order No. 23 (March 7, 2001) (ordering production of third party's documents at a site convenient to the third party). This is particularly true when, as here, discovery is sought from a third party.

3

federal courts that the inadvertent production of privileged materials shall not constitute a waiver, and that an opposing party should return such documents upon discovery or notice.[5]

These issues can be easily resolved by amending the Protective Order as proposed by Atmel. It could not be clearer from the correspondence that Atmel believed that it was on the verge of resolving this dispute when it was suddenly served with the instant Motion, after Atmel's counsel wrote to STMicro on June 30, 2005. (*See* Exhibit L to Motion.) Indeed, rather than respond to the June 30, 2005, letter seeking a final resolution, STMicro waited two weeks and, still without responding to the letter, filed the instant Motion. A reasonable and quick resolution that will provide STMicro with the information it allegedly needs is easily attainable, a fact that STMicro studiously ignores in its Motion. Atmel's overarching confidentiality concerns, however, must be addressed.

## III. ARGUMENT AND AUTHORITIES

### A. Judicial Enforcement Should Be Denied

Judicial enforcement of a subpoena should be denied absent a clear showing of failure to comply with the subpoena. *See Certain HSP Modems, Software and Hardware Components Thereof, and Products Containing Same*, Inv. No. 337-TA-439, Order No. 59 (May 16, 2001). There has been no such showing here. In fact, Atmel has been more than reasonable in response to STMicro's discovery requests. As Atmel has explained in its prior submissions, the subpoenas issued to Atmel, and the ensuing orders, were overbroad and burdensome. Furthermore, Atmel has quite rightly requested that the scope of the subpoena be limited and that its concerns regarding confidentiality be addressed. Atmel has conducted an extensive search of its records and archives for responsive documents, a monumental task, while negotiations with STMicro

---

[5] This provision has been codified under California state law. Moreover, in many Section 337 investigations, parties adopt this procedure to cover inadvertent production of privileged material.

have been ongoing. Approximately 20 to 25 boxes of documents have been available for review once the confidentiality issues have been addressed. Such actions certainly are not those of a third party failing to comply with a subpoena. Rather, Atmel is simply seeking a moderate, reasonable, and legally required accommodation to protect its interests.[6]

It continues to be Atmel's position that the subpoenas, as modified by Orders No. 10 and 11, remain overbroad.[7] In the event that the Commission accepts the request for enforcement, Atmel will oppose any judicial enforcement in order to legitimately protect its rights and interests.

The proposed stipulations designed to address Atmel's confidentiality concerns are very straightforward. As set forth in its letter of June 2, (Exhibit D to the Motion), Atmel requests that:

1. Regardless of any other amendments to the Protective Order that may permit sharing of information among corporate representatives, documents and materials produced by Atmel that contain confidential business information (hereafter "Atmel's Confidential Information") will be viewed by outside attorneys' eyes only;

2. Atmel's Confidential Information is being provided solely for use in this investigation and cannot be used for any other purpose, including in the

---

[6] See *Micro Motion v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990) ("It would be divorced from reality to believe that either party here would serve as the champion of [a third party] either to maintain the confidentiality designation or to limit public disclosure. . . [the third party] would, in fact, lose all control of the situation since disclosure of its information depends on the action by a court before whom it has no standing."); see *Certain SDRAMS, DRAMS, ASICS, RAM and Logic Chips, Microprocessors, Microcontrollers, Processes for Manufacturing Same*, Inv. No. 337-TA-404, Order No. 6 (Jan. 6, 1998) ("Particularly where the supplier is a third party who is involved in neither the Commission investigation nor the district court case, it is important that the supplier be made aware that treatment of confidential information would be governed by the district court's protective order and not that of the Commission."); see also *Certain Set-Top Boxes and Components Thereof*, Inv. No. 337-TA-454, Order No. 16 at 1-2 (July 2, 2001) (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) "The fact of non-party status may be considered with any motion to limit.").

[7] The limitation by STMicro to three Atmel products was not offered until after the issuance of Order No. 11.

corresponding district court action between the parties, and in no event can be used against Atmel;

3. Before any of Atmel's Confidential Information is produced to anyone other than an outside attorney of record representing one of the parties or to personnel of the U.S. International Trade Commission, Atmel must be informed in writing of the identity of the expert or consultant, in a manner consistent with Paragraph 15 of the Protective Order. Written notice must be sent to:

> Julie Mar-Spinola
> VP-Global Affairs, Litigation & Intellectual Property
> Atmel Corporation
> 2325 Orchard Parkway
> San Jose, CA 95131
> Tel: (408) 441-0311;

4. Notwithstanding Paragraph 18 of the Protective Order, upon final termination of the investigation, all copies of Atmel's Confidential Information, including without limitation, any notes pertaining to same, must be returned to Atmel, along with written certification by the returning party's counsel that all such copies have been returned and that no copies of documents or notes including information derived from Atmel's Confidential Information has been retained; and

5. Notwithstanding Atmel's production of these documents for inspection or otherwise, the parties agree (1) that they will not use any privileged material those documents may contain, and (2) that Atmel does not waive its attorney-client privilege or work product immunity in the event such documents are included in the production.

As set forth in Exhibits H and I to the Motion, Points 1, 3, and 4 have been adequately addressed and agreed to by STMicro. The criticisms by STMicro and the Staff that Atmel failed to move to amend the Protective Order are inappropriate and disingenuous. The obvious reason that Atmel did not file any such motion was because it was actively negotiating with STMicro on a stipulation, which by its very nature, precludes the filing of such a motion.[8]

---

[8] Indeed, the Administrative Law Judge in Order No. 11 unfairly reprimanded Atmel for pursuing additional motions practice. Hence, Order No. 11, and the position of STMicro and the Staff present Atmel with a Hobson's Choice with respect to its justifiable and legitimate concerns regarding preserving the confidentiality of the documents covered by the subpoena and Order Nos. 10 and 11.

As to Point 2, STMicro apparently asserts that the phrase "and in no event can be used against Atmel" is overly broad. STMicro misapprehends this language inasmuch as Atmel is willing to limit this condition to this investigation and/or any related proceeding. Atmel never intended that this language would prohibit STMicro from obtaining access to Atmel's information by some other legitimate means. Rather, Atmel wanted to prevent STMicro from misusing the specific confidential information it provided pursuant to the subpoena. Tellingly, STMicro never offered any language to accomplish its stated purpose.

Regarding STMicro's objections to Point 5, in order to protect Atmel's interests, STMicro must specifically agree that Atmel's production of documents, particularly the "SEEQ documents", for inspection will not constitute a waiver of attorney-client privilege or work product immunity and that STMicro will not to use any privileged material those documents may contain. Contrary to STMicro's assertion, Atmel is not requesting STMicro to conduct a privilege review. Rather, Atmel is attempting to provide STMicro with the information it allegedly requires without waiving any applicable rights or privileges.

In any event, judicial enforcement should be denied because Atmel is actively seeking to comply with the subpoena while protecting its own legitimate confidentiality interests. A judicial enforcement proceeding will do nothing more than further delay production of the requested documents. Accordingly, STMicro's Motion for Judicial Enforcement and for costs should be denied.

**B.     The Protective Order Should Be Amended**

In order to expedite resolution of this dispute and production of the requested documents, Atmel requests pursuant to Commission Rule 210.34, that the Protective Order be amended as set forth above to protect Atmel's confidential business information from misuse by the parties to this Investigation.

## IV. **CONCLUSION**

For the reasons set forth above, Atmel respectfully requests that STMicro's Motion for Judicial Enforcement and for Costs be denied and that the Protective Order be amended as set forth above.

Dated: July 14, 2005                           Respectfully submitted,

_____
Louis S. Mastriani
Barbara A. Murphy
Michael L. Doane
S. Alex Lasher
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W.
Washington, DC 20036
Telephone: (202) 467-6300

*Counsel for ATMEL CORPORATION*

AT701505.doc

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing **OPPOSITION OF THIRD PARTY ATMEL CORPORATION TO RESPONDENTS STMICROELECTRONICS N.V. AND STMICROELECTRONICS, INC.'S MOTION TO REQUEST JUDICIAL ENFORCEMENT OF ORDERS 10 AND 11 and DECLARATION OF BARBARA MURPHY (PUBLIC)** was served via First Class Mail, unless indicated otherwise, to the parties listed below, this 14th day of July 2005:

Marilyn R. Abbott, Secretary
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 112A
Washington, DC 20436
**(VIA HAND DELIVERY – Original + 6 copies)**

Juan S. Cockburn, Esq.
OFFICE OF UNFAIR IMPORT INVESTIGATIONS
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 401
Washington, DC 20436
**(VIA HAND DELIVERY)**

The Honorable Paul J. Luckern
ADMINISTRATIVE LAW JUDGE
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 119
Washington, DC 20436
**(VIA HAND DELIVERY – 2 copies)**

### Counsel for Complainant SanDisk Corporation

James C. Yoon, Esq.
WILSON SONSINI GOODRICH & ROSATI
11921 Freedom Drive, Suite 600
Reston, Virginia 20190-5634

Richard S. Taffet, Esq.
Eric F. Pierson, Esq.
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, New York 10022-4689

Gary M. Hnath, Esq.
Star-shemah Bobatoon, Esq.
BINGHAM MCCUTCHEN LLP
1120 20th Street, N.W., Suite 800
Washington, DC 20036-3406
**(VIA HAND DELIVERY)**

**Counsel for Respondents**
**STMicroelectronics N.V. and STMicroelectronics, Inc.:**

James L. Quarles III, Esq.
William G. McElwain, Esq.
Michael D. Esch, Esq.
WILMER CUTLER PICKERING HALE AND
    DORR LLP
WILMER CUTLER PICKERING HALE AND DORR LLP
1455 Pennsylvania Avenue, N.W.
Washington, DC 20004
(VIA HAND DELIVERY)

William F. Lee, Esq.
WILMER CUTLER PICKERING HALE AND
    DORR LLP
60 State Street
Boston, Massachusetts 02109

_____
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036

AT100005-pub.doc