UNITED STATES INTERNATIONAL TRADE COMMISSION
WASHINGTON, D.C.

**Before the Honorable Paul J. Luckern**

| | |
|---|---|
| In the Matter of<br><br>CERTAIN NAND FLASH MEMORY CIRCUITS AND PRODUCTS CONTAINING SAME | Inv. No. 337-TA-526 |

### CORRECTED PETITION FOR REVIEW OF ORDER NO. 19

Pursuant to Commission Rule 210.43(a), third-party Atmel Corporation ("Atmel") hereby petitions for review of Order No. 19: Initial Determination granting the Motion of Respondents STMicroelectronics N.V. and STMicroelectronics, Inc. (collectively "STMicro") for Judicial Enforcement of Order No. 11.

### I.   INTRODUCTION

Non-party Atmel has been more than reasonable in its response to two incredibly overbroad subpoenas that initially commanded Atmel to search, and produce a related witness for testimony regarding, all of its memory design devices from the 1980s up through 1997 – including the early years of Atmel's business where virtually all of its business related to memory devices. (*See* Exhibt A, Declaration of Julie Mar-Spinola ¶ 5 (April 11, 2005).) To do so, Atmel would have had to conduct its own claim construction of the patent, and then go searching with experts for documentation detailed enough to show whether or not designs contained very particular circuitry. Of course, even to conclude documents were not responsive, Atmel would still have to incur the cost to find them and review them. Atmel estimated conservatively this would cost it tens of thousands of dollars, and that it did not have the ability to conduct such a review in-house. (*Id.* at ¶ 9); *see* Exhibit B, Supplemental Declaration of Julie



Mar-Spinola ¶¶ 6-7 (May 3, 2005). Atmel submits that nothing justifies requiring a third party to conduct such an extensive and expensive search, especially in light of the legal requirement -- that ST still has not satisfied -- that a party to a proceeding before the Commission may subpoena third parties only as a last resort. From the beginning and through the parties briefing, it appears to Atmel that STMicro has been openly trying to shift the costs of its own prior art search to Atmel. As explained below, these reasons alone are not sufficient to enforce the subpoenas, and make Atmel's response reasonable.

After Atmel's motion to quash, the subpoenas were effectively redrafted in Order No. 10. That order was also problematic. For example, some provisions of that order were even broader than the original subpoenas, and thus would have swept in a great deal of irrelevant material. Further, STMicro's defense of its subpoenas, which the ALJ appears to have adopted, revealed Atmel's information was legally of little or no relevance because it ignored the fundamental requirements of the proper sources to consult for claim construction, namely public ones.

In denying Atmel's motion for reconsideration or certification for review to the Commission, the ALJ modified the subpoenas again in Order No. 11. Once again, the ALJ's order was problematic. Atmel believed that it had sufficient legal ground to oppose the enforcement of the subpoenas, even as redrafted in Order No. 11. Nevertheless, Atmel worked with STMicro on a common-sense solution to allow STMicro to review Atmel's documents, provided, however, they could reach agreement on a handful of concerns about confidentiality and privilege issues. Indeed, Atmel has had over 20 boxes of documents ready for inspection since early June, and recently believes it has identified several more. Rather than work with Atmel, STMicro, however, threatened Atmel with sanctions and moved again to enforce an overbroad order that left Atmel no choice but to defend its rights.

2

It is axiomatic that all third parties subject to subpoenas should face and be held to the same standards before the Commission. The fact that a third party chooses to retain counsel experienced in Section 337 investigations in responding to a subpoena issued by the Administrative Law Judge ("ALJ") could not be more irrelevant. In this investigation, it is clear that Atmel has been held by the ALJ to a higher standard because it was a party to earlier Section 337 investigations and chose to retain experienced Section 337 counsel. This fact is clearly set forth in Order No. 19. The application of such a standard is without governing precedent, an abuse of discretion and certainly a determination affecting Commission policy. Because of this improper standard, Atmel's legitimate objections to the subpoena and justifiable requests to protect its confidential business information have been ignored.

Perhaps more importantly, a simple resolution to this dispute that would conserve the resources of the Commission as well as the parties has been rejected out of hand by the ALJ. With a few minor amendments to the Protective Order, STMicro would have the documents it seeks without further delay. In fact, these documents have been made available for review by STMicro since early June 2005. In view of these facts, justice would be better served and the resources of the Commission better expended by rejecting the request for judicial enforcement and amending the Protective Order.

## II. FACTUAL BACKGROUND

Atmel submits this factual background because in both Order No. 10 and Order No. 11, Atmel's position has been consistently misstated. It was for this reason that Atmel was constrained to include in its Opposition to the Motion for Judicial Enforcement the caveat that it disputes, objects to and disagrees with every aspect of STMicro's account of the discussions between STMicro and Atmel unless specifically agreed to in the opposition. Accordingly, Atmel submits these facts for consideration by the Commission.

3

The record reflects that throughout this dispute Atmel has been reasonable in its response and has made extensive efforts to to achieve a reasonable resolution. Atmel correctly and properly pointed out the extreme over-breadth of the subpoena at issue, but its concerns went unheeded and unaddressed. The ALJ points to Order 11 as allegedly addressing Atmel's concerns (Order No. 19 at 2), however, it is clearly Order No. 11 to which Atmel is, in part, referring as not addressing its concerns. Order No. 10, issued to address Atmel's motion to quash, simply redrafted the subpoenas and, in some instances, made them even broader. In view of the utter inadequacy of Order No. 10, Atmel requested reconsideration. Reconsideration was denied in Order No. 11, which disregarded the over-breadth of the subpoenas. Moreover, Order No. 11 ignores the fact, revealed in STMicro's defense of the subpoenas, that the highly confidential information sought is legally irrelevant for the purpose for which STMicro claims to be seeking it, *i.e.*, claim construction.

The ALJ and STMicro emphasize the fact that after much discussion STMicro agreed to limit its request to three products. This belated limitation, however, does not provide appreciable relief to Atmel and, indeed, was not made until after Order No. 11 issued. The burden of searching a massive amount of documents for a few responsive documents remains significant. In any event, Atmel has searched its documents and found some documents that appear to be responsive. Certain documents were copied and Bates numbered and an additional 20 to 29 boxes of documents have been available for inspection since early to mid-June 2005. *See* Exhibit C at 1. The only requirements have been that Atmel's confidentiality be protected as requested and that STMicro reimburse Atmel for its costs. Atmel's request that it be reimbursed for its costs prior to production is perfectly reasonable particularly in light of the fact that

4

STMicro's first attempt at payment was with a check.[1] The Commission should note that Atmel has incurred very substantial expenses in its efforts to comply with the subpoena, as well as considerable disruption to its internal activities. The ALJ, STMicro and the Commission Investigative Staff, however, are unconcerned with this expense and disruption.[2]

The only remaining obstacle is a final resolution of Atmel's request that its confidential business information be adequately protected. It has been Atmel's steadfast position that the Protective Order issued in this Investigation does not adequately protect third-party confidential business information. Atmel identified its specific requests to STMicro as early as June 2, 2005. (*See* Exhibit C.) After much discussion, STMicro agreed to most of the stipulations. All that remains is to clarify STMicro's obligations concerning the use of documents produced by Atmel as set forth in Point 2 of Atmel's requested stipulations (*see* Exhibits D, E and F) and to address Atmel's concerns as to potential waiver of attorney-client privilege. Atmel requested this provision as a reasonable accommodation and cost-saving measure given the extreme burden of forcing a third party to review under unreasonable time restraints 20-25 boxes of material for privileged materials. In order to minimize this burden on a third party, Atmel asked for this protection in order to forgo the additional expense of having to review these boxes for privileged materials. The Commission should note that this protection is in the same vein as the now standard provision of many protective orders extant in federal courts that the inadvertent

---

[1] STMicro's statement in the footnote on page 7 of its Motion that "[a]pparently a clerk entered the account number on the check incorrectly" is self-serving attorney speculation. Atmel noted that STMicro did not submit any declaration in support of this proposition. And, its own experiences casts doubt on this explanation: The check in question was submitted twice to the bank and rejected on both occasions.

[2] The ALJ has stated that Atmel may move for an award of costs, however, this would not compensate Atmel for the complete disruption of its business and lost employee time used to comply with overly broad subpoenas, not to mention extensive legal fees incurred to challenge these overbroad subpoenas. (*See* Exhibit A ¶¶ 5-10; *see also* Exhibit B ¶¶ 3-9.)

production of privileged materials shall not constitute a waiver, and that an opposing party should return such documents upon discovery or notice.[3]

These issues can be easily resolved by amending the Protective Order as proposed by Atmel. It could not be clearer from the attached correspondence that Atmel believed that it was on the verge of resolving this dispute when it was suddenly served with the instant Motion, after Atmel's counsel wrote to STMicro on June 30, 2005. (*See* Exhibit G.) Indeed, rather than respond to the June 30, 2005, letter seeking a final resolution, STMicro waited two weeks and, still without responding to the letter, filed the Motion for Judicial Enforcement. A reasonable and quick resolution that will provide STMicro with the information it allegedly needs is easily attainable, a fact that the ALJ and STMicro studiously ignore. Atmel's overarching confidentiality concerns, however, must be addressed as a matter of law and policy.

## III. ARGUMENT AND AUTHORITIES

### A. Judicial Enforcement Should Be Denied

Pursuant to Commission Rule 210.43(b)(1), Commission review of an initial determination on the grounds:

> (1) that a finding or conclusion of material fact is clearly erroneous;
>
> (2) that a legal conclusion is erroneous, without governing precedent, rule or law, or constitutes an abuse of discretion; or
>
> (3) that the determination is one affecting Commission policy.

---

[3] Indeed, California law obliges counsel to stop reviewing information of another party that appears privileged and inadvertently produced, and immediately notify the other side that he or she has what appears to be privileged information. *State Compensation Ins. Fund v. WPS, Inc.*, 70 Cal. App. 4th 644, 656 (2d Dist. 1999) (holding that when a lawyer received materials that obviously appear subject to the attorney-client privilege or otherwise clearly appear to be confidential and privileged and were produced inadvertently, the attorney should refrain from reviewing the materials and shall immediately notify the sender that the attorney possesses material that appears to be privileged.) Moreover, in many Section 337 investigations, parties adopt this procedure to cover inadvertent production of privileged material.

Commission Rule 210.43(b)(1)(i)-(iii). From the beginning of this discovery dispute, it has been clear that Atmel has been held to a higher standard than other third parties when opposing an overly broad and burdensome subpoena. Indeed, it is expressly and improperly noted that Atmel "is represented by counsel that has repeatedly appeared in section 337 investigations." Order No. 19 at 2. This is entirely irrelevant to whether the discovery sought from Atmel is proper or whether the Protective Order meets Atmel's confidentiality concerns. The application of this improper standard to Atmel is without precedent and an abuse of discretion. Moreover, as Order Nos. 10 and 11 make clear, Atmel's arguments and concerns have been steadfastly ignored and belittled.[4] This lack of consideration for Atmel's position is exemplified by the fact that Atmel was given only a day and a half to respond to the Motion for Judicial Enforcement and the Order was issued the very next day. Such a rush to judgment hardly evidences thoughtful consideration. Rather, it reflects a lack of procedural and substantive due process. Nonetheless, to conserve its own resources and reach an equitable resolution of this discovery dispute, the Commission should decline to seek judicial enforcement of the subpoena and amend the Protective Order as requested by Atmel below to the extent it believes that this information should be made part of the record below. As Atmel indicated from the outset, Atmel's confidential information is likely not relevant given the purpose for which STMicro seeks to use it.

Judicial enforcement of a subpoena should be denied absent a clear showing of failure to comply with the subpoena. *See Certain HSP Modems, Software and Hardware Components Thereof, and Products Containing Same*, Inv. No. 337-TA-439, Order No. 59 (May 16, 2001).

---

[4] In addition, in Order No. 19, it appears that the position of the Staff as to Atmel's proposed stipulations concerning the Protective Order is misstated. The Staff stated that most of the stipulations did not apply to it and as to the one that did, the Staff merely stated that it is its policy to destroy confidential business information at the close of the investigation.

There has been no such showing here. In fact, the record confirms that Atmel has been more than reasonable in response to STMicro's discovery requests. As Atmel has explained in its prior submissions, the subpoenas issued to Atmel, and the ensuing orders, were overbroad and burdensome. Furthermore, Atmel has quite rightly requested that the scope of the subpoena be limited and that its concerns regarding confidentiality be addressed. Atmel has conducted an extensive search of its records and archives for responsive documents, a monumental and very expensive task, while negotiations with STMicro have been ongoing. Atmel produced several hundred pages of public documents on May 4, 2005. Since early June, Atmel has had available for production several hundred additional documents, along with approximately 20 to 25 boxes of documents available for review, once the confidentiality issues have been addressed. Such actions certainly are not those of a third party failing to comply with a subpoena. Rather, Atmel is simply seeking a moderate, reasonable, and legally required accommodation to protect its interests.[5] To seek enforcement of the subpoena when Atmel is clearly attempting to respond to it is, once again, an abuse of discretion and a determination affecting Commission policy.

It continues to be Atmel's position that the subpoenas, as modified by Orders No. 10 and 11, remain overbroad. The limitation by STMicro to three Atmel products was not offered until *after* the issuance of Order No. 11. Thus, if Order No. 11 were enforced as written, it would still

---

[5] See *Micro Motion v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1325 (Fed. Cir. 1990) ("It would be divorced from reality to believe that either party here would serve as the champion of [a third party] either to maintain the confidentiality designation or to limit public disclosure... [the third party] would, in fact, lose all control of the situation since disclosure of its information depends on the action by a court before whom it has no standing."); see *Certain SDRAMS, DRAMS, ASICS, RAM and Logic Chips, Microprocessors, Microcontrollers, Processes for Manufacturing Same*, Inv. No. 337-TA-404, Order No. 6 (Jan. 6, 1998) ("Particularly where the supplier is a third party who is involved in neither the Commission investigation nor the district court case, it is important that the supplier be made aware that treatment of confidential information would be governed by the district court's protective order and not that of the Commission."); see also *Certain Set-Top Boxes and Components Thereof*, Inv. No. 337-TA-454, Order No. 16 at 1-2 (July 2, 2001) (citing *Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) "The fact of non-party status may be considered with any motion to limit.").

be overbroad. In the event that the Commission accepts the request for enforcement, Atmel will oppose any judicial enforcement in order to legitimately protect its rights and interests.

The proposed stipulations designed to address Atmel's confidentiality concerns are straightforward. As set forth in its letter of June 2, 2005 (Exhibit C), Atmel requests that:

1. Regardless of any other amendments to the Protective Order that may permit sharing of information among corporate representatives, documents and materials produced by Atmel that contain confidential business information (hereafter "Atmel's Confidential Information") will be viewed by outside attorneys' eyes only;

2. Atmel's Confidential Information is being provided solely for use in this investigation and cannot be used for any other purpose, including in the corresponding district court action between the parties, and in no event can be used against Atmel;

3. Before any of Atmel's Confidential Information is produced to anyone other than an outside attorney of record representing one of the parties or to personnel of the U.S. International Trade Commission, Atmel must be informed in writing of the identity of the expert or consultant, in a manner consistent with Paragraph 15 of the Protective Order. Written notice must be sent to:

   Julie Mar-Spinola
   VP-Global Affairs, Litigation & Intellectual Property
   Atmel Corporation
   2325 Orchard Parkway
   San Jose, CA 95131
   Tel: (408) 441-0311;

4. Notwithstanding Paragraph 18 of the Protective Order, upon final termination of the investigation, all copies of Atmel's Confidential Information, including without limitation, any notes pertaining to same, must be returned to Atmel, along with written certification by the returning party's counsel that all such copies have been returned and that no copies of documents or notes including information derived from Atmel's Confidential Information has been retained; and

5. Notwithstanding Atmel's production of these documents for inspection or otherwise, the parties agree (1) that they will not use any privileged material those documents may contain, and (2) that Atmel does not waive its attorney-client privilege or work product immunity in the event such documents are included in the production.

As set forth in Exhibits D, E and F hereto, Points 1, 3, and 4 have been adequately addressed and agreed to by STMicro. The criticisms by the ALJ, STMicro and the Staff that Atmel failed to move to amend the Protective Order are inappropriate, if not disingenuous. The obvious reason that Atmel did not file any such motion was because it was actively negotiating with STMicro on a stipulation, which by its very nature precludes the filing of such a motion.[6]

As to Point 2, STMicro apparently asserts that the phrase "and in no event can be used against Atmel" is overly broad. STMicro complained that this would prevent it from subpoenaing the documents separately in some hypothetical, unrelated, and yet-to-be-filed proceeding. STMicro misunderstood Atmel's intent here, and had it cooperated with Atmel it would have had this issue clarified. Atmel never intended that this language would prohibit STMicro from obtaining access to Atmel's information by some other legitimate means. Rather, Atmel wished to prevent STMicro from misusing the specific confidential information it provided pursuant to the subpoena. Tellingly, STMicro never offered any alternative language to accomplish its stated purpose.

Regarding STMicro's objections to Point 5, in order to protect Atmel's interests STMicro must specifically agree that Atmel's production of documents, particularly the "SEEQ documents", for inspection will not constitute a waiver of attorney-client privilege or work product immunity and that STMicro will not use any privileged material those documents may contain. Contrary to STMicro's absurd assertion, Atmel is not requesting STMicro to conduct a privilege review. Rather, Atmel is attempting to provide STMicro with the information it allegedly requires without waiving any applicable rights or privileges in order to minimize the

---

[6] Indeed, the Administrative Law Judge in Order No. 11 unfairly reprimanded Atmel for pursuing additional motions practice. Hence, Order No. 11, and the position of the ALJ, STMicro and the Staff present Atmel with a Hobson's Choice with respect to its justifiable and legitimate concerns regarding preserving the confidentiality of the documents covered by the subpoena and Order Nos. 10 and 11.

10

burden and expense to a third party – something which it should be more than willing to do, and indeed is obligated to do. *See, e.g., Certain Plastic Grocery and Retail Bags,* Inv. No. 337-TA-492, Order No. 14 (Dec. 12, 2003).

In Order No. 19, the ALJ gives Atmel's concerns short shrift by asserting that the Protective Order covers these concerns and refusing even to consider Atmel's concerns about waiver. If Atmel's concerns are indeed covered by the Protective Order, there should be no impediment to making Atmel's suggested revisions to clarify and strengthen these protections. In any event, they are not.

As Atmel indicated in its motion for reconsideration and subsequent correspondence with STMicro, Atmel has legitimate concerns about the existing protective order. As a third party, Atmel will not be served with future motions, briefs, and expert reports by the parties. Atmel also will not be present at the hearing to request that members of the public be excluded if its information is part of any testimony. Thus, Atmel will have no control over whether its information becomes public, even if inadvertently, through testimony at the hearing or in motions or briefs. Courts have held that protective orders are insufficient to protect the interests of third parties who have no means to ensure the confidential treatment of any discovery. *See Micro Motion v. Kane Steel Co., Inc.,* 894 F.2d 1318, 1325 (Fed. Cir. 1990) ("It would be divorced from reality to believe that either party here would serve as the champion of [a third party] either to maintain the confidentiality designation or to limit public disclosure. . . [the third party] would, in fact, lose all control of the situation since disclosure of its information depends on the action by a court before whom it has no standing.").

Additionally, even with the existing protective order that provides for information to be handled solely by outside counsel, Atmel will not have any ability to track its confidential information. Consistent with its practices for its own litigation matters, Atmel needs to know

11

who has access to its confidential information, including any of the parties' consultants or experts. Atmel also needs comfort about the continued confidential treatment of its materials given the fact that its competitors are parties, and they also are involved in litigation beyond the ITC action in a District Court action in the Eastern District of Texas over this same patent. *See Certain SDRAMS, DRAMS, ASICS, RAM and Logic Chips, Microprocessors, Microcontrollers, Processes for Manufacturing Same*, Inv. No. 337-TA-404, Order No. 6 (Jan. 6, 1998) ("Particularly where the supplier is a third party who is involved in neither the Commission investigation nor the district court case, it is important that the supplier be made aware that treatment of confidential information would be governed by the district court's protective order and not that of the Commission."). Because Atmel has no assurances even under the existing protective order that the confidentiality of its information will be maintained in this action or beyond, it should not be ordered to produce any confidential information, or at least not without additional safeguards to address its concerns.

The Commission relies on the reputation of its protective orders to obtain the information it needs to conduct Section 337 investigation. It is certainly Commission policy to provide third parties with the greatest possible protection for their confidential business information. The additional protection requested by Atmel to safeguard the confidentiality of its internal documents and information clearly serves to further increase third parties' confidence in the protection provided by Commission protective orders. The refusal to even consider such additional protection negatively impacts Commission policy.

In any event, judicial enforcement should be denied because Atmel is actively seeking to comply with the subpoena while protecting its own legitimate confidentiality interests. A judicial enforcement proceeding will do nothing more than further delay production of the requested documents.

### B. The Protective Order Should Be Amended

In order to expedite resolution of this dispute and production of the requested documents and to conserve the resources of the Commission and the parties, Atmel requests pursuant to Commission Rule 210.34, that the Protective Order be amended as set forth above to protect Atmel's confidential business information from potential misuse or disclosure by the parties to this Investigation.

### IV. CONCLUSION

For the reasons set forth above, Atmel respectfully requests that the Commission review Order No. 19 and deny judicial enforcement of the subpoena. Atmel further requests that the Protective Order be amended as set forth above. If such amendment is made, Atmel will provide the previously described documents for STMicro's inspection.

Dated: July 22, 2005

Respectfully submitted,

Louis S. Mastriani
Barbara A. Murphy
Michael L. Doane
S. Alex Lasher
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W.
Washington, DC 20036
Telephone: (202) 467-6300

*Counsel for ATMEL CORPORATION*

AT701805.doc

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing **LETTER and CORRECTED PETITION FOR REVIEW OF ORDER NO. 19 (PUBLIC)** was served, as indicated on the parties listed below, this 25th day of July 2005:

Marilyn R. Abbott, Secretary
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 112A
Washington, DC 20436
**(VIA HAND DELIVERY – Original + 14 copies)**

The Honorable Paul J. Luckern
ADMINISTRATIVE LAW JUDGE
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 119
Washington, DC 20436
**(VIA HAND DELIVERY – 2 copies)**

Juan S. Cockburn, Esq.
OFFICE OF UNFAIR IMPORT INVESTIGATIONS
U.S. INTERNATIONAL TRADE COMMISSION
500 E Street, S.W., Room 401
Washington, DC 20436
**(VIA HAND DELIVERY)**

### Counsel for Complainant SanDisk Corporation

James C. Yoon, Esq.
WILSON SONSINI GOODRICH & ROSATI
650 Page Mill Road
Palo Alto, California 94304-1050
**(VIA FEDERAL EXPRESS)**

Gary M. Hnath, Esq.
Star-shemah Bobatoon, Esq.
BINGHAM MCCUTCHEN LLP
1120 20th Street, N.W., Suite 800
Washington, DC 20036-3406
**(VIA HAND DELIVERY)**

Richard S. Taffet, Esq.
Eric F. Pierson, Esq.
BINGHAM MCCUTCHEN LLP
399 Park Avenue
New York, New York 10022-4689
**(VIA FEDERAL EXPRESS)**

**Counsel for Respondents**
**STMicroelectronics N.V. and STMicroelectronics, Inc.:**

| | |
|---|---|
| James L. Quarles III, Esq.<br>William G. McElwain, Esq.<br>Michael D. Esch, Esq.<br>WILMER CUTLER PICKERING HALE AND<br>   DORR LLP<br>1455 Pennsylvania Avenue, N.W.<br>Washington, DC 20004<br>**(VIA HAND DELIVERY)** | William F. Lee, Esq.<br>WILMER CUTLER PICKERING HALE AND<br>   DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>**(VIA FEDERAL EXPRESS)** |

*/s/ Patricia Holton*
ADDUCI, MASTRIANI & SCHAUMBERG, L.L.P.
1200 Seventeenth Street, N.W., Fifth Floor
Washington, DC 20036

AT100005-pub.doc

2