AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA

STMicroelectronics, Inc.

**V.**

SanDisk Corporation

## SUBPOENA IN A CIVIL CASE

Case Number:[1] 4:05-cv-45

Eastern District of Texas

TO: Atmel Corporation
2325 Orchard Parkway
San Jose, CA 95131

YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

✔ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Sidley Austin Brown & Wood LLP, 555 California Street, Suite 2000, San Francisco, CA 95104 | 10/13/05 10:00 a.m. |

✔ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Attached Schedule B

| PLACE | DATE AND TIME |
|---|---|
| Sidley Austin Brown & Wood LLP, 555 California Street, Suite 2000, San Francisco, CA 95104 | 10/6/05 9:00 a.m. |

YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Max Cicarelli* | Sept. 19, 2005 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Max Cicarelli, Thompson & Knight LLP, (214) 969-1599
1700 Pacific Avenue, Suite 3600, Dallas, Texas 75201

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.



EXHIBIT
15

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
              DATE                     SIGNATURE OF SERVER

                                       _____
                                       ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

STMICROELECTRONICS, INC,

                Plaintiff.

   v.

SanDisk Corporation

                Defendant.

CIVIL ACTION NO. 4:05-CV-45
JUDGE MICHAEL H. SCHNEIDER
MAGISTRATE JUDGE DONALD D. BUSH

JURY TRIAL

STMICROELECTRONICS, INC.'S NOTICE OF DEPOSITION DUCES TECUM
TO ATMEL CORPORATION

To:    Counsel for SanDisk

    PLEASE TAKE NOTICE that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure and the United States District Court for the Eastern District of Texas Local Court Rules, STMicroelectronics, Inc. ("STI"), by and through its attorneys, will take the oral deposition of the person or persons designated by Atmel Corporation as most knowledgeable regarding the subject matter set forth in the attached Schedule A. The deposition will commence at 10 a.m. on Thursday, October 13, 2005, at the offices of Sidley Austin Brown & Wood LLP, 555 California Street, Suite 2000, San Francisco, CA 95104, or at such other time, date, and place as the parties mutually agree in writing. The deposition will be taken before an officer authorized to administer oaths and will be recorded by audio, stenographic, real time recording, and/or videographic means.

    The witness is instructed to produce the documents and things set forth in the attached Schedule B, by the date set forth in the attached subpoena.

Dated: _Sept. 19, 2005_

Respectfully submitted,

Bruce S. Sostek
Attorney-in-Charge
  Texas Bar No. 18855700
bruce.sostek@tklaw.com
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201-4693
214.969.1700
214.969.1751 (facsimile)

Jane Politz Brandt
  Texas Bar No. 02882090
jane.brandt@tklaw.com
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201-4693
214.969.1700
214.969.1751 (facsimile)

Max Ciccarelli
  Texas Bar No. 00787242
max@tklaw.com
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201-4693
214.969.1700
214.969.1751 (facsimile)

Clyde M. Siebman
  Texas Bar No. 18341600
clydesiebman@texoma.net
Lawrence A. Phillips
  Texas Bar No. 15937755
slmdad@yahoo.com
SIEBMAN REYNOLDS BURG & PHILLIPS, LLP
300 N. Travis
Sherman, Texas 75090
903.870.0070
903.870.0066 (facsimile)

ATTORNEYS FOR STMICROELECTRONICS, INC.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on the 19th day of September, 2005 on all counsel of record.

Max Ciccarelli

## Schedule A

### Definitions

1.    "STI" means STMicroelectronics, Inc. (formerly named SGS-Thomson Microelectronics, Inc.) and its officers, employees, agents, consultants, and representatives.

2.    "SanDisk" means SanDisk Corporation and its present and former officers, employees, agents, consultants, and representatives.

3.    "You" and "Your" and "Atmel" refers to Atmel Corporation including its parent companies, subsidiary companies, and any other affiliated business entities.

4.    The "'808 Patent" means United States Patent 5,719,808.

5.    The "'812 Patent" means United States Patent 5,583,812.

6.    "Document" means any and all written, printed or computer-related words, data or information, including without limitation, any writing or recording of any type or description, whether written, printed or recorded (mechanically or electronically), photographs, videotapes, drawings, charts, graphs, and other data compilations. The term "documents" also includes all data or documentation that is stored in a computer or other computer or word processor and information that has been input into a computer or other storage device, as well as disks or other materials in which the data or documentation is found.

## TOPICS

1.    Devices offered for sale, sold, and/or used prior to April 13, 1989 that contained any one or more of the following features:

    a.    an array of EEPROM cells divided into multiple sectors (or blocks that contain a plurality of cells that can be erased together) in which a plurality of sectors could be selected for conducting an operation to those sectors (for example, an erase operation);

    b.    an array of EEPROM cells divided into multiple sectors in which tags (for example, tag bits or registers) were used to identify a group of sectors to which an operation was to be conducted (for example, an erase operation).

2.    The source of your knowledge of the devices of Topic No. 1.

3.    Offers for sale, sales, and/or use by you of devices of Topic No. 1.

4.    The design and operation of the devices of Topic No. 1.

5.    Literature related to the products and/or features identified in Topic No. 1.

6.    Publications prior to April 13, 1989 that related to the products and/or features identified in Topic No. 1.

7.    Devices offered for sale, sold, and/or used prior to June 8, 1988 having an array of EEPROM cells with more than two storage states per cell and with reading circuitry for simultaneously comparing an electrical parameter of the addressed cell with two or more reference levels.

8.    The source of your knowledge of the devices of Topic No. 7.

9.    Offers for sale, sales, and/or use by you of devices of Topic No. 7.

10.    The design and operation of the devices of Topic No. 7.

11.    Literature related to the products and/or features identified in Topic No. 7.

12.    Publications prior to June 8, 1988 related to the products and/or features identified in Topic No. 7.

## SCHEDULE B

### REQUESTS

1.   Documents sufficient to understand the design and operation of the devices and features of Topic No. 1 of Schedule A.

2.   Documents establishing all offers for sale, sales, and/or uses prior to April 13, 1989 of the devices of Topic No. 1 of Schedule A.

3.   All documents published prior to April 13, 1989 related to the devices of Topic No. 1 of Schedule A.

4.   All documents published prior to April 13, 1989 related to the features identified in Topic No. 1 of Schedule A.

5.   Documents sufficient to understand the design and operation of the devices and features of Topic No. 7 of Schedule A.

6.   Documents establishing all offers for sale, sales, and/or uses prior to June 8, 1988 of the devices of Topic No. 7 of Schedule A.

7.   All documents published prior to June 8, 1988 related to the devices of Topic No. 7 of Schedule A.

8.   All documents published prior to June 8, 1988 related to the features identified in Topic No. 7 of Schedule A.

STMICROELECTRONICS, INC.'S NOTICE OF DEPOSITION DUCES TECUM TO ATMEL CORPORATION – PAGE 7
071472 000029 DALLAS 1937661.1

TOTAL P.12