Case 1:05-mc-00355-RMU    Document 5-17    Filed 09/30/2005    Page 1 of 22

Case 4:05-cv-00045-MHS-DDB    Document 38    Filed 08/02/2005    Page 1 of 22
Case 4:05-cv-00045-MHS-DDB    Document 37    Filed 07/28/2005    Page 1 of 22

FILED—CLERK
U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

05 AUG -2 AM 9:33

TEXAS-EASTERN

BY _____

STMICROELECTRONICS, INC.,

        Plaintiff.

v.

SANDISK CORPORATION

        Defendant.

CIVIL ACTION NO. 4:05-CV-45

JURY TRIAL

## PROTECTIVE ORDER

    Pursuant to 28 U.S.C. § 636 and the Local Rules for the Eastern District of Texas, the District Court has referred this lawsuit to Magistrate Judge Don D. Bush for pretrial matters. IT IS HEREBY ORDERED that, Fed. R. Civ. P. 26(c), in view of the fact that this action involves, *inter alia*, valuable research, development, commercial, financial and technical proprietary data and other information that is regarded by the parties hereto, STMicroelectronics, Inc. ("ST") and SanDisk Corporation ("SanDisk"), as confidential, that a protective order and the terms thereof be entered as follows:

IT IS HEREBY ORDERED THAT:

    1. Information to be covered by this Protective Order shall include:

        (a)    information designated as CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY set forth in response to discovery requests made under Rules 31, 33, or 36, Fed. R. Civ. P.;



EXHIBIT
16

Case 1:05-mc-00355-RMU    Document 5-17    Filed 09/30/2005    Page 2 of 22

Case 4:05-cv-00045-MHS-DDB    Document 38    Filed 08/02/2005    Page 2 of 22
Case 4:05-cv-00045-MHS-DDB    Document 37    Filed 07/28/2005    Page 2 of 22

(b)    information designated as CONFIDENTIAL or CONFIDENTIAL —

OUTSIDE COUNSEL ONLY set forth in any documents, things or premises

made available for inspection or produced to the discovering party pursuant to the

Civil Local Rules for the Eastern District of Texas and Rules 26, 33(c) or 34,

Fed. R. Civ. P. or in response to a subpoena under Rule 45, Fed. R. Civ. P.;

(c)    information designated as CONFIDENTIAL or CONFIDENTIAL —

OUTSIDE COUNSEL ONLY revealed during depositions upon oral or written

examination under Rules 30 or 31, Fed. R. Civ. P.;

(d)    all other discovery taken pursuant to the Federal Rules of Civil Procedure

and Civil Local Rules that is designated as CONFIDENTIAL or CONFIDENTIAL —

OUTSIDE COUNSEL ONLY.

2.    The parties in this case shall mark responses, documents and things that

constitute or contain Confidential Information with the following or equivalent legend:

CONFIDENTIAL
ST V. SANDISK CIVIL ACTION NO. 4:05-CV-45
SUBJECT TO PROTECTIVE ORDER

or

CONFIDENTIAL

Such notation shall be placed on every page of each document designated, or if the entire

document is to be treated as CONFIDENTIAL, such notation may be placed on the first

page of the document with an indication that the CONFIDENTIAL designation applies

to the entire document.

2

The parties in this case shall mark responses, documents and things that constitute or contain CONFIDENTIAL — OUTSIDE COUNSEL ONLY with the following or equivalent legend:

CONFIDENTIAL
OUTSIDE COUNSEL ONLY
ST V. SANDISK CIVIL ACTION NO. 4:05-CV-45
SUBJECT TO PROTECTIVE ORDER

or

CONFIDENTIAL
OUTSIDE COUNSEL ONLY

Such notation shall be placed on every page of each document designated, or if the entire document is to be treated as CONFIDENTIAL — OUTSIDE COUNSEL ONLY, such notation may be placed on the first page of the document with an indication that the CONFIDENTIAL — OUTSIDE COUNSEL ONLY designation applies to the entire document.

3.    When a party produces files and records for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the initial inspection, all documents within the produced files shall be considered marked as "CONFIDENTIAL — OUTSIDE COUNSEL ONLY." Thereafter, upon selection of specified documents for copying by the inspecting party, the producing party shall mark the copies of such documents with the appropriate confidentiality marking at the time that the copies are produced to the inspecting party.

4.    Deposition transcripts shall be treated as CONFIDENTIAL — OUTSIDE COUNSEL ONLY until thirty(30) days after receipt of the deposition transcript by counsel for the witness, after which the information revealed during the deposition shall

3

Case 1:05-mc-00355-RMU    Document 5-17    Filed 09/30/2005    Page 4 of 22

Case 4:05-cv-00045-MHS-DDB    Document 38    Filed 08/02/2005    Page 4 of 22
Case 4:05-cv-00045-MHS-DDB    Document 37    Filed 07/28/2005    Page 4 of 22

cease to be treated as CONFIDENTIAL — OUTSIDE COUNSEL ONLY unless, at the

deposition and on the record, or before the thirty (30) days have expired, the witness, his

employer, or his counsel informs the deposing party in writing that Confidential

Information of the witness or his employer is revealed in the transcript, and identifies in

writing the portions of the transcript that disclose information that should be designated

as CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY. With

respect to depositions of non-party witnesses and documents produced by a non-party,

either ST, SanDisk, or the non-party may designate information or documents as

CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY, within thirty

(30) days of receipt of the deposition transcript or upon production of documents by its

counsel. Upon receipt of such notices, each party and non-party, shall mark all copies of

the deposition transcript or documents within its possession or control by placing the

appropriate designation upon the cover of the transcript or on every page of the

documents produced by the non-party, however, failure to so mark transcript copies or

documents shall not alone be an actionable violation of this Order.

    5.  Confidential Information

       (a)    Definition of "CONFIDENTIAL." A party shall designate as

CONFIDENTIAL those materials which that producing party in good faith believes

constitute confidential information that is used by it in, or pertaining to, its business,

which information is not generally known and which that party would normally not reveal

to third parties or, if disclosed, would require such third parties to maintain in confidence.

       (b)    Definition of "CONFIDENTIAL— OUTSIDE COUNSEL ONLY." Any

highly confidential information which comprises certain highly sensitive technical

4

Case 1:05-mc-00355-RMU    Document 5-17    Filed 09/30/2005    Page 5 of 22

Case 4:05-cv-00045-MHS-DDB    Document 38    Filed 08/02/2005    Page 5 of 22
Case 4:05-cv-00045-MHS-DDB    Document 37    Filed 07/28/2005    Page 5 of 22

information, certain highly sensitive financial information, and marketing plans and forecasts, customer lists, and any pending unpublished patent applications, foreign or domestic, may be designated as CONFIDENTIAL — OUTSIDE COUNSEL ONLY.

6.    Documents and things designated as CONFIDENTIAL shall be disclosed only to:

(a)    Counsel of record for ST, including Thompson & Knight LLP, Sidley, Austin, Brown & Wood LLP, Siebman, Reynolds, Burg & Phillips, and Law Office of Peter J. Thoma, and those attorneys, stenographic, clerical, and paralegal employees or outside copy or graphics services, whose duties and responsibilities require access to Confidential Information;

(b)    Counsel of record for SanDisk, including Jones Day, Wilson Sonsini, and the Law Offices of Carl Roth and those attorneys' stenographic, clerical, and paralegal employees or outside copy or graphics services, whose duties and responsibilities require access to Confidential Information;

(c)    Charles VanOrden and Earle Thompson, in-house counsel for SanDisk, and stenographic, clerical, and paralegal employees of SanDisk, whose duties and responsibilities require access to Confidential Information;

(d)    Steven Rose and Kevin Fillip, in-house counsel for ST, and stenographic, clerical, and paralegal employees of ST, whose duties and responsibilities require access to Confidential Information;

(e)    Subject to the conditions set forth in paragraph 15, attorneys from Outside Law Firm Not of Record retained by the parties for purposes of this Litigation, who have each first signed an Undertaking in the form attached as Appendix C.

(f)    Subject to the conditions set forth in paragraph 9, experts or consultants retained by the parties for purposes of this litigation, who have each first signed an Undertaking in the form attached as Appendix A, a copy of which shall be provided to the opposing party;

(g)    The Court and members of the staff of the Court whose functions necessitate access to Confidential Information (with the legend of ¶11, or if presented orally, with due indication of the status as Confidential Information);

(h)    Qualified court reporters, court interpreters, and translators taking testimony in the above-captioned proceeding, and their necessary stenographic, videographic and clerical personnel thereof, who have first signed an Undertaking in the form attached hereto as Appendix B, a copy of which shall be provided to the opposing party.

7.    Subject to the other requirements of this Order, information designated as CONFIDENTIAL— OUTSIDE COUNSEL ONLY may be disclosed only to persons listed in paragraphs 6(a)-6(h).  However, under no circumstances can information designated by the producing party as CONFIDENTIAL— OUTSIDE COUNSEL ONLY be reviewed or maintained on the premises of the receiving party.

8.    Information designated as CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY shall be used only by persons permitted access to it pursuant to paragraphs 6 and 7 shall be used solely for purposes of this action or the action styled *STMicroelectronics, Inc. v. SanDisk Corporation*, Civil Action No. 4:05cv44 ("4:05cv44") and shall be used for no other purpose whatsoever, unless express permission is granted by the producing party or allowed by the Court.

9.  A party desiring to have information designated as CONFIDENTIAL or
CONFIDENTIAL — OUTSIDE COUNSEL ONLY of another party disclosed to an
expert or consultant shall first give written notice to the producing party, who shall have
five (5) business days after such notice is given (plus three (3) days if notice is given by
mail) to object in writing. The party desiring to disclose information designated as
CONFIDENTIAL or CONFIDENTIAL— OUTSIDE COUNSEL ONLY to a proposed
expert or consultant shall provide the curriculum vitae of the proposed expert or
consultant and shall include the following information about the proposed expert or
consultant in the written notice:

    a.    business address;

    b.    business title; and

    c.    any previous or current relationships that involve the design or
        development of any processes or products made or used by the parties.

No information designated as CONFIDENTIAL or CONFIDENTIAL— OUTSIDE
COUNSEL ONLY shall be disclosed to such expert(s) or consultant(s) until after the
expiration of the foregoing notice.  The objecting party's consent to the disclosure of
information designated as CONFIDENTIAL or CONFIDENTIAL— OUTSIDE
COUNSEL ONLY to a proposed expert or consultant shall not unreasonably be withheld.
A party objecting to disclosure of information designated as CONFIDENTIAL or
CONFIDENTIAL— OUTSIDE COUNSEL ONLY to the proposed expert or consultant
shall state with particularity: (i) the ground(s) of such objection; and (ii) the categories of
documents that the producing party objects to being disclosed to the expert or consultant

during the foregoing notice. If after consideration of the objection, the party desiring to disclose information designated as CONFIDENTIAL or CONFIDENTIAL— OUTSIDE COUNSEL ONLY to a proposed expert or consultant refuses to withdraw such an expert or consultant, that party shall provide notice to the objecting party; thereafter, the objecting party shall move the Court for a ruling on such objection within five (5) business days of receiving such notice. A failure to request a ruling within the five (5) business-day period shall operate as an approval.

10.    Without leave of Court, no party shall serve any subpoena or discovery request on any person that has signed an Undertaking at the behest of any other party unless such person has been identified by the other party as a testifying expert or as a person with knowledge of relevant facts. If a party desires to conduct discovery of any person having signed an Undertaking at the behest of any other party but not identified by such other party as a testifying expert or as a person with knowledge of relevant facts, after conference as required by Local Rule CV-7(h), the party may file a motion for leave to conduct the desired discovery, which shall be granted only upon good cause shown by the party seeking the discovery.

11.    If a document containing information designated as CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY is filed with the Court, it shall be filed under seal with one of the following notations:

FILED UNDER SEAL
CONTAINS CONFIDENTIAL INFORMATION
SUBJECT TO PROTECTIVE ORDER

or

FILED UNDER SEAL

8

CONTAINS CONFIDENTIAL INFORMATION — OUTSIDE COUNSEL ONLY
SUBJECT TO PROTECTIVE ORDER

12.    Should need arise during the trial or any hearing in open Court for ST or

SanDisk to cause information designated as CONFIDENTIAL or CONFIDENTIAL —

OUTSIDE COUNSEL ONLY of another party to be disclosed, it may do so only after

appropriate in camera or other safeguards are requested of the Court; such as closing the

courtroom or the exclusion of persons not subject to protective orders.

13.    If information designated as CONFIDENTIAL or CONFIDENTIAL —

OUTSIDE COUNSEL ONLY is to be the subject of examination in deposition of

nonparty witnesses not previously entitled to access thereto under paragraphs 6 or 7, the

following procedures shall apply. Information designated as CONFIDENTIAL or

CONFIDENTIAL — OUTSIDE COUNSEL ONLY shall not be provided to any such

person without the producing party's consent during a deposition on the record or

without permission by the Court. The party seeking to use the information designated as

CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY during a

deposition shall obtain an Undertaking from the witness in the form attached as

Appendix A. Neither consent nor an Undertaking is required if the witness is a current

employee.  Furthermore, neither consent nor an Undertaking is required if the witness is a

former employee or consultant of the producing party, and if he or she wrote or received

the documents designated as CONFIDENTIAL or CONFIDENTIAL— OUTSIDE

COUNSEL ONLY during the course of his or her employment or consultancy.

14.    The inadvertent or unintentional disclosure by the producing party of

information that is CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL

9

Case 1:05-mc-00355-RMU    Document 5-17    Filed 09/30/2005    Page 10 of 22

Case 4:05-cv-00045-MHS-DDB    Document 38    Filed 08/02/2005    Page 10 of 22
Case 4:05-cv-00045-MHS-DDB    Document 37    Filed 07/28/2005    Page 10 of 22

ONLY either by way of document production or deposition testimony, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter. Any such inadvertently or unintentionally disclosed information that is CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY, not designated as such pursuant to paragraphs 2 or 3, shall be designated as CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY as soon as reasonably possible after the producing party becomes aware of the inadvertent or unintentional disclosure. Should any information that is CONFIDENTIAL or CONFIDENTIAL— OUTSIDE COUNSEL ONLY be disclosed, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Order; and the disclosing party shall (a) promptly inform such person of all the provisions of this Order; (b) identify such person and the information disclosed immediately to the party that designated the document as CONFIDENTIAL or CONFIDENTIAL— OUTSIDE COUNSEL ONLY; (c) request such person to sign an Undertaking in the form of Appendix A hereto, and (d) retrieve all copies of documents containing the inadvertently disclosed information. The executed Undertaking shall be served promptly upon the party designating the document or information as CONFIDENTIAL or CONFIDENTIAL— OUTSIDE COUNSEL ONLY.

Case 4:05-cv-00045-MHS-DDB    Document 38    Filed 08/02/2005    Page 11 of 22
Case 4:05-cv-00045-MHS-DDB    Document 37    Filed 07/28/2005    Page 11 of 22

15.    OUTSIDE COUNSEL NOT OF RECORD

(a)    Prior to the disclosure of Confidential Information to a law firm that is not

of record ("Outside Law Firm Not of Record"), the party seeking to disclose Confidential

Information to an attorney from Outside Law Firm Not of Record must identify the

Outside Law Firm Not of Record to the other parties. The party whose Confidential

Information will be disclosed ("Producing Party") to an attorney from Outside Law Firm

Not of Record must consent to the Confidential Information being disclosed to Outside

Law Firm Not of Record, such consent shall not be unreasonably withheld. If the

Producing Party objects to disclosure of its Confidential Information to the Outside Law

Firm Not of Record, the Producing Party must do so within five (5) days after the Outside

Law Firm Not of Record is identified in writing to the Producing Party (plus three (3)

days if the written notice is submitted by mail). No information designated as

CONFIDENTIAL or CONFIDENTIAL— OUTSIDE COUNSEL ONLY shall be

disclosed to any attorney from Outside Law Firm Not of Record until after the expiration

of the foregoing notice. A party objecting to disclosure of information designated as

CONFIDENTIAL or CONFIDENTIAL— OUTSIDE COUNSEL ONLY to the

proposed Outside Law Firm Not of Record shall state with particularity: (i) the ground(s)

of such objection; and (ii) the categories of documents that the producing party objects to

being disclosed to Outside Law Firm Not of Record during the foregoing notice. If after

consideration of the objection, the party desiring to disclose information designated as

CONFIDENTIAL or CONFIDENTIAL— OUTSIDE COUNSEL ONLY to the

proposed Outside Law Firm Not of Record refuses to withdraw the proposed law firm,

that party shall provide notice to the objecting party. Thereafter, the objecting party shall

11

move the Court for a ruling on such objection within three (3) days of receiving such notice. A failure to request a ruling within the three (3) day period shall operate as an approval.

(b)    Before any attorney from Outside Law Firm Not of Record shall have access to Confidential Information, such attorney shall sign an Undertaking in the form attached as Appendix C to the parties, which shall be retained by the party employing same and which shall be made available to the opposing party.

(c)    The parties agree that Outside Law Firm Not of Record and any attorney from Outside Law Firm Not of Record who has signed an Undertaking in the form attached as Appendix C and who is or has been involved in any licensing efforts on behalf of any party to this litigation will not have access to materials that relate to license negotiations with other persons, including but not limited to license agreements. Any such licensing materials must be identified by the producing party as relating to license negotiations by marking the documents "LICENSE MATERIALS" and CONFIDENTIAL—OUTSIDE COUNSEL ONLY";

(d)    The parties agree that an attorney from Outside Law Firm Not of Record who has signed an Undertaking in the form of Appendix C cannot be currently involved in the supervision of, or drafting or prosecution of patent applications on behalf of any of the parties or in the drafting or prosecution of patent applications relating to any of the technologies disclosed in the patents at issue in this Litigation.

(e)    The parties agree that an attorney from Outside Law Firm Not of Record who has signed an Undertaking in the form of Appendix C and who has access to Confidential Information will not become engaged in the supervision of, or drafting or

12

prosecution of any patent applications on behalf of any party or in the drafting or prosecution of patent applications relating to any of the technologies disclosed in the patents at issue in this Litigation for a period of one year following the conclusion of this Litigation and 4:05cv44.

16.    In the event that a producing party inadvertently produces a document that otherwise is not discoverable for reasons of the attorney-client privilege or work product immunity, or both, such inadvertent production shall not constitute any waiver of attorney-client privilege or work product immunity and all copies of such inadvertently produced documents shall promptly be returned by the requesting party to the producing party on demand. Making things available for inspection shall not, by itself, constitute a waiver by the producing party of any claim of confidentiality or any other right, but delivery of documents and things to a receiving party without any of the confidential designations shall constitute waiver of any claim of confidentiality, except where such delivery resulted from inadvertence or mistake on the part of the producing party and such inadvertence or mistaken delivery is thereafter promptly brought to the attention of the receiving party after discovery by the producing party. Upon such notice, the receiving party shall return said documents and things and not retain copies thereof, and shall thereafter treat information contained in said documents and any summaries or notes thereof as confidential to the level designated by the producing party. This Protective Order shall not prevent ST or SanDisk from moving the Court for an order that information designated as CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY of the other party is not, in fact, confidential. Prior to so moving, the party seeking to reclassify information designated as CONFIDENTIAL or

CONFIDENTIAL — OUTSIDE COUNSEL ONLY shall seek the producing party's agreement, the producing party shall have ten (10) days to respond to such request. In connection with any such motion, the producing party shall have the burden of establishing before the Court that the material designated as CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY was properly designated

17.    In the event any person or party having possession, custody or control of any information designated as CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY receives a *subpoena* or other process or order to produce such information in another proceeding, such person or party shall notify in writing the producing party's attorneys of record of the documents sought by such *subpoena* or other process or order, shall furnish those attorneys of record with a copy of said *subpoena* or other process or order, and shall cooperate with respect to any procedure sought to be pursued by the producing party. The party asserting the confidential treatment shall have the burden of defending against such *subpoena*, process or order. The person or party receiving the *subpoena* or other process or order shall be entitled to comply with it except to the extent the party asserting the confidential treatment has sought to obtain an order modifying or quashing it.

18.    Within 60 days after conclusion of the above-captioned action and 4:05cv44 (including all appeals and further proceedings resulting therefrom), all copies of documents and things containing information designated as CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY shall be returned to the producing party or shall be destroyed, with the exception deposition exhibits, transcripts, Court exhibits and transcripts, and documents and information included in submissions to the

Case 1:05-mc-00355-RMU    Document 5-17    Filed 09/30/2005    Page 15 of 22

Case 4:05-cv-00045-MHS-DDB    Document 38    Filed 08/02/2005    Page 15 of 22
Case 4:05-cv-00045-MHS-DDB    Document 37    Filed 07/28/2005    Page 15 of 22

Court that may be retained by the outside counsel identified in paragraphs 6(a)-6(b) who have appeared in this action for ST or SanDisk. Notwithstanding this provision, outside counsel identified in paragraphs 6(a)-6(b) who have appeared for ST or SanDisk are not required to delete information that may reside on their respective firm's electronic back-up systems which are over-written in the normal course of business. However, the outside firms who have appeared for ST or SanDisk agree that no CONFIDENTIAL or CONFIDENTIAL—OUTSIDE COUNSEL ONLY information shall be retrieved from the electronic back-up systems after the conclusion of the above-captioned action and 4:05cv44. Counsel for any party receiving documents or things designated as CONFIDENIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY shall make written certification of compliance with this provision regarding return or destruction and shall deliver the same to counsel for the producing party within ninety (90) days after conclusion of the above-captioned action.

19.    This Protective Order shall survive the termination of this litigation.

20.    An party may, on motion and for good cause shown, seek a modification of this Protective Order.

SO ORDERED:
Dated _____7/29/05_____ , 2005

Donald D. Bush
United States Magistrate Judge

Case 1:05-mc-00355-RMU    Document 5-17    Filed 09/30/2005    Page 16 of 22

Case 4:05-cv-00045-MHS-DDB    Document 38    Filed 08/02/2005    Page 16 of 22
Case 4:05-cv-00045-MHS-DDB    Document 37    Filed 07/28/2005    Page 16 of 22

**AGREED:**

_____

Bruce S. Sostek
Attorney-in-Charge
  Texas Bar No. 18855700
bruce.sostek@tklaw.com
THOMPSON & KNIGHT LLP
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201–4693
214.969.1700
214.969.1751 (facsimile)

ATTORNEY FOR STMICROELECTRONICS, INC.

_____

James P. Bradley
Attorney-in-Charge
  Texas Bar No. 02826000
jbradley@sidley.com
SIDLEY AUSTIN BROWN & WOOD, LLP
717 North Harwood, Suite 3300
Dallas, Texas 75201
214.981.3300
214.981.3400 (facsimile)

ATTORNEY FOR STMICROELECTRONICS, N.V.

_____

Mark N. Reiter
Attorney-in-Charge
  Texas Bar No. 16759900
mnreiter@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
214.220.3939
214.969.5100 (facsimile)

ATTORNEY FOR SANDISK CORPORATION

16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

STMICROELECTRONICS, INC.,

          Plaintiff.

v.

SANDISK CORPORATION

          Defendant.

CIVIL ACTION NO. 4:05-CV-45

JURY TRIAL

## APPENDIX A — UNDERTAKING OF EXPERTS OR CONSULTANTS RE PROTECTIVE ORDER

I,_____, declare that:

1.    My address is _____.

My current employer is _____. My current

occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read

and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in

confidence, will not disclose to anyone not qualified under the Protective Order, and will

use only for purposes of this action any information designated as CONFIDENTIAL or

CONFIDENTIAL—OUTSIDE COUNSEL ONLY that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things

designated as CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY

that came into my possession, and all documents and things that I have prepared relating

thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of

the Protective Order in this action.

        I declare under penalty of perjury that the foregoing is true and correct.

Signature:_____

Date:_____

Case 1:05-mc-00355-RMU    Document 5-17    Filed 09/30/2005    Page 19 of 22

Case 4:05-cv-00045-MHS-DDB    Document 38    Filed 08/02/2005    Page 19 of 22
Case 4:05-cv-00045-MHS-DDB    Document 37    Filed 07/28/2005    Page 19 of 22

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

STMICROELECTRONICS, INC.,

               Plaintiff.

v.

SANDISK CORPORATION

               Defendant.

CIVIL ACTION NO. 4:05-CV-45

JURY TRIAL

## APPENDIX B — UNDERTAKING OF REPORTER OR STENOGRAPHER RE PROTECTIVE ORDER

I, _____, declare that:

1.    I will not divulge any information communicated to me in any confidential portion of the above-captioned proceeding, except as permitted by the Protective Order issued in this case. I will not directly or indirectly use, or allow the use of such information for any purpose other than that directly associated with any official duties in this case.

2.    I will not by direct action, discussion, recommendation, or suggestion to any person reveal the nature or content of any information communicated during any confidential portion of the investigation or hearing in this case.

3.    I also affirm that I do not hold any position or official relationship with any of the parties in the action.

4.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature:_____

Date:_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

STMICROELECTRONICS, INC.,

    Plaintiff,

v.

SANDISK CORPORATION

    Defendant.

CIVIL ACTION NO. 4:05-CV-45

JURY TRIAL

## APPENDIX C — UNDERTAKING OF OUTSIDE COUNSEL NOT OF RECORD

   I, _____, declare that:

1.  My address is I am an attorney at _____

2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.  I have/have not been involved in licensing efforts on behalf of any party to this litigation.

4.  I represent that I am not currently involved in the supervision of, drafting or prosecution of any patent applications on behalf of any of the parties in this action.

5.  I have read the patents at issue in this action and can represent that I am not currently involved in the drafting or prosecution of any patent applications that relate to the technologies disclosed in the patents at issue in this action.

6.  I agree that I will not engage in the drafting or prosecution of any patent applications on behalf of any of the parties in this action or in the drafting or prosecution of any patent applications that relate to the technology disclosed in the patents at issue in

Case 1:05-mc-00355-RMU     Document 5-17     Filed 09/30/2005     Page 22 of 22

Case 4:05-cv-00045-MHS-DDB     Document 38     Filed 08/02/2005     Page 22 of 22
Case 4:05-cv-00045-MHS-DDB     Document 37     Filed 07/28/2005     Page 22 of 22

this action for a period of one year following the conclusion of this action and the lawsuit styled *STMicroelectronics, Inc. v. SanDisk Corporation*, Eastern District of Texas, Sherman Division, Civil Action No. 4:05cv45.

7.     I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as CONFIDENTIAL or CONFIDENTIAL — OUTSIDE COUNSEL ONLY that is disclosed to me.

8.     Promptly upon termination of these actions, I will return all documents and things designated as CONFIDENTIAL or CONFIDENTIAL— OUTSIDE COUNSEL ONLY that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

9.     I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____

1913540.1